IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE GADDY,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILA. POLICE DEP'T et al.,** | : | No. 14-3435 |
| *Defendants*. | : | |

PRATTER, J.                                                                                           JANUARY 22, 2015

## MEMORANDUM

**I.     INTRODUCTION**

As the result of an incident that occurred on September 20, 2011, Terrance Gaddy filed a Complaint (Docket No. 3) against the City of Philadelphia Police Department and Philadelphia Police Officers Matthew Winscom and Michael Chichearo on June 17, 2014. The Complaint includes claims against the Defendants under 42 U.S.C. § 1983, alleging illegal search and seizure, excessive force, due process violations, cruel and unusual punishment, ethnic and racial profiling, and deliberate indifference. The Complaint also includes state law claims of assault, battery, and negligence against the Defendants. Defendants filed a Motion to Dismiss (Docket No. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that all claims are barred by the statute of limitations. For the reasons discussed below, the Court will grant the Motion to Dismiss, but grant leave to amend the Complaint to add allegations supporting the application of the doctrine of fraudulent concealment.

## II. ALLEGATIONS IN THE COMPLAINT[1]

On September 20, 2011, Mr. Gaddy, an African American male, was riding a bicycle when he was allegedly racially profiled by Officers Matthew Winscom and Michael Chichearo, both of whom are white. Upon seeing the Officers, Mr. Gaddy fled on the bicycle. During the ensuing pursuit, Officer Chichearo struck Mr. Gaddy with a police vehicle. The collision caused Mr. Gaddy to be thrown from the bicycle. Mr. Gaddy alleges that the Officers subsequently assaulted him while he was on the ground, and that he drifted in and out of consciousness during the alleged assault. According to Mr. Gaddy, the Officers removed the bicycle from the scene of the incident and discovered that he possessed a handgun only after they had assaulted him.

Mr. Gaddy suffered a contusion within the right frontal lobe, a slight subretinal hemorrhage, and memory loss, among other injuries. The memory loss affected Mr. Gaddy's recollection of the September 20, 2011 incident. Mr. Gaddy claims that he first learned of the factual cause of his injuries in early 2013, as a result of information provided by three witnesses: Yashira Hernandez, Emanuel Hernandez, and Zorangelie Hernandez. Each witness provided a sworn statement describing the events of September 20, 2011, and Mr. Gaddy attached those statements to the Complaint.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal

---

[1] When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 509 n.1 (2002).

quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint, and all reasonable inferences that may be drawn from them, and view them in the light most favorable to the plaintiff. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).

### IV. DISCUSSION

Defendants' Motion to Dismiss argues that Mr. Gaddy's claims are barred by the statute of limitations. Mr. Gaddy's state law claims are governed by a two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524(1)-(2), (7). Because "courts entertaining claims brought under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 250 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)), Mr. Gaddy's claims under § 1983 are similarly governed by a two-year statute of limitations.

In this case, the Complaint appears to be untimely: the incident occurred on September 20, 2011, and Mr. Gaddy filed the Complaint more than two years later on June 17, 2014. Mr. Gaddy advances two grounds for finding that the statute of limitations was tolled such that the

3

Complaint was timely filed: (1) Pennsylvania's discovery rule, and (2) Pennsylvania's doctrine of fraudulent concealment. The Court will address each of these arguments in turn.

### A. THE DISCOVERY RULE

Pennsylvania's discovery rule provides that the statute of limitations on a personal injury claim will not begin to run until "the plaintiff knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003) (internal quotation marks and citation omitted). "Every plaintiff has a duty to exercise 'reasonable diligence' in ascertaining the existence of the injury and its cause." *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991). "The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence." *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997). "The question whether a plaintiff has exercised reasonable diligence is usually a jury question." *Bohus*, 950 F.2d at 925 (citing *Taylor v. Tukanowicz*, 435 A.2d 181 (Pa. Super. Ct. 1981)).

Mr. Gaddy argues that the discovery rule applies in this case because he was knocked unconscious during the incident and suffered memory loss that prevented him from recalling the alleged assault. Under Mr. Gaddy's theory, the Complaint was filed well within the two-year statute of limitations period because the statute of limitations only began to run when he first learned through a letter in 2013 that the police assaulted him while he was unconscious.

Although Mr. Gaddy's argument is creative, "creativity cannot replace common sense." *Dalrymple*, 701 A.2d at 170. Mr. Gaddy knew of his injuries when he regained consciousness shortly after he suffered them. He received medical treatment for his injuries, as evidenced by the documents attached to the Complaint. His inability to recall the precise circumstances of the

4

September 20, 2011 incident are not sufficient to toll the statute of limitations because a reasonable person would have inquired into and discovered their cause. The Pennsylvania Supreme Court has explained, "The very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the *nature of the injury itself* is such that no amount of vigilance will enable the plaintiff to detect an injury." *Dalrymple*, 701 A.2d at 170 (emphasis added). In contrast to an injury likely to fall within the scope of the discovery rule, such as an injury suffered during surgery that only results in symptoms after the passage of significant time, *see, e.g.*, *Ayers v. Morgan*, 154 A.2d 788 (Pa. 1959), a battery-like injury such as the one alleged here is not the type of injury that is subject to the discovery rule since "in a typical battery, all the elements of the offensive touching will be present and ascertainable by the plaintiff at the time of the touching itself." *Dalrymple*, 701 A.2d at 170.[2] After "focusing on the nature of the injury rather than the particularities of the specific plaintiff," *id.* at 171, the Court holds as a matter of law that Mr. Gaddy could have learned the cause of his physical injuries through the exercise of reasonable diligence shortly after the September 20, 2011 incident, so the discovery rule did not toll the statute of limitations.

## B. THE DOCTRINE OF FRAUDULENT CONCEALMENT

Mr. Gaddy also argues that the doctrine of fraudulent concealment applies in this case. The doctrine of fraudulent concealment tolls the statute of limitations when "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry." *Ciccarelli v. Carey Can. Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985). There must be an affirmative and independent act of concealment for this doctrine to apply. *See Gee v. CBS, Inc.*, 471 F. Supp. 600, 623 (E.D. Pa. 1979). "The doctrine does not require fraud in the strictest

---

[2] Mr. Gaddy also had ample opportunity and incentive to investigate the circumstances of his arrest in connection with his criminal proceeding. Any claim that he could not have known of the alleged constitutional violations are not supported by the Complaint.

sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception." *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005). As with the discovery doctrine, the doctrine of fraudulent concealment tolls the statute of limitations until the plaintiff "knew or using reasonable diligence should have known of the claim." *Vernau v. Vic's Market, Inc.*, 896 F.2d 43, 46 (3d Cir. 1990). The plaintiff bears the burden of pleading facts sufficient to establish fraudulent concealment by "clear, precise, and convincing evidence." *See Fine*, 870 A.2d at 860.

Mr. Gaddy argues that Officer Chichearo's testimony at Mr. Gaddy's November 17, 2011 preliminary hearing improperly delayed Plaintiff's diligent pursuit of his claims. Officer Chichearo testified that Mr. Gaddy fled on foot—not on a bicycle—and was knocked down by the police vehicle after pointing a handgun into the vehicle. Mr. Gaddy argues that Officer Chichearo's testimony concealed the fact that Mr. Gaddy was riding a bicycle (which suggests that Mr. Gaddy did not point a handgun in the police vehicle) and the fact that officers assaulted Mr. Gaddy while he lay on the ground unconscious. According to Mr. Gaddy, Officer Chichearo's allegedly inaccurate sworn testimony concealed the fact that there was reason to believe Mr. Gaddy's civil rights had been violated.

The Complaint mentions neither fraudulent concealment nor Officer Chichearo's testimony at the preliminary hearing. Mr. Gaddy attached affidavits and exhibits on the issue of fraudulent concealment to his Brief in Opposition to the Motion to Dismiss (Docket No. 19), but "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Mr. Gaddy has therefore failed to plead facts sufficient to find that the doctrine of fraudulent concealment tolled the statute of limitations in this case, and, accordingly, the Court will grant

Defendants' Motion to Dismiss. However, although it may be difficult for Mr. Gaddy to satisfy the heightened standard for pleading fraudulent concealment, the facts alluded to in Mr. Gaddy's argument could potentially suffice to survive a subsequent motion to dismiss. That will remain to be seen. As a result, the Court will grant leave for Mr. Gaddy to amend the Complaint to include allegations of fact in support of his fraudulent concealment argument.

### V. CONCLUSION

Under the allegations in the Complaint as it presently stands, Mr. Gaddy could have determined the cause of his injuries with the exercise of reasonable diligence shortly after he suffered them. Consequently, neither the discovery rule nor the doctrine of fraudulent concealment tolled the statute of limitations in this case. However, the Court will grant Mr. Gaddy leave to amend the Complaint to plead additional facts in support of his argument that the doctrine of fraudulent concealment tolled the statute of limitations.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE